FILED
United States Court of Appeals
Tenth Circuit

May 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PRUDENCIO CHAVEZ-QUINTANA,

    Defendant-Appellant.

No. 07-3323
(D.C. No. 07-CR-10011-01-WEB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

Prudencio Chavez-Quintana appeals his convictions under 18 U.S.C. § 1028A(a)(1) for aggravated identity theft. This statute imposes a mandatory two-year term of imprisonment upon individuals convicted of certain enumerated felonies if, "during and in relation to" the felony, the perpetrator "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). After oral argument in this case, the Supreme Court decided *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009),

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

holding that § 1028A requires the government to prove the defendant knew that the means of identification he or she used, in fact, belonged to "another person." Because the government did not prove beyond a reasonable doubt that Mr. Chavez-Quintana had this knowledge, we **REVERSE** his aggravated identity theft convictions.[1]

## BACKGROUND

On November 1, 2006, Mr. Chavez-Quintana went to the Social Security Administration office in Wichita, Kansas, to apply for a Social Security card and account number. In support of the application, Mr. Chavez-Quintana provided his alien registration card, Mexican birth certificate, and driver's license. After signing the Social Security card application, Mr. Chavez-Quintana handed a counterfeit Social Security card with an account number ending in 0033 to the Social Security service representative. The account number on the counterfeit card did not belong to Mr. Chavez-Quintana but instead belonged to another person, whom we call "B.K." Mr. Chavez-Quintana stated that he had previously worked under this account number, and he asked if his prior earnings could be transferred to his new Social Security number. The service representative recognized the card as fraudulent and told Mr. Chavez-Quintana she was keeping the card. Social Security investigators later determined that Mr. Chavez-Quintana

---

[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

had been using this card in order to maintain employment at a construction company in Harvey County, Kansas. He also used the card to obtain health insurance.

Mr. Chavez-Quintana was charged with two counts of possession and use of fraudulent documents as evidence of authorized stay or employment in the United States, in violation of 18 U.S.C. § 1546(a) (Counts 1 and 7); three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 2, 4, and 10); one count of possession of a counterfeit United States document, in violation of 18 U.S.C. § 1028(a)(6) (Count 3); three counts of misuse of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts 5, 6, and 9); and one count of making a false or fraudulent statement in a matter within the jurisdiction of the United States, in violation of 18 U.S.C. § 1001(a)(3) (Count 8). The district court later dismissed Counts 5, 6, and 8 as barred by the statute of limitations. The case was tried before a jury.

At the close of the government's evidence, Mr. Chavez-Quintana moved for a judgment of acquittal on the aggravated identity theft counts. He argued that the government was required under 18 U.S.C. § 1028A to prove that he knew that the means of identification he transferred, possessed, or used belonged to "another person." The district court denied his motion, finding that the government was not required under § 1028A to prove that Mr. Chavez-Quintana had this knowledge. Before the court instructed the jury, Mr. Chavez-Quintana

raised a related challenge to a jury instruction that helped define the § 1028A

offenses, based on its statement that the government was not required to prove

this "another person" knowledge. *See* Aplee. Supp. App. at 160-61 (noting

objection to instruction insofar as it "states the government is not required to

show the defendant knew the means of the identification belonged to another

person").

The jury deliberated and found Mr. Chavez-Quintana guilty on all counts.

Mr. Chavez-Quintana moved for a judgment of acquittal or, in the alternative, for

a new trial. The district court denied the motion. Mr. Chavez-Quintana was

sentenced to twenty-five months' imprisonment and two years of supervised

release. Mr. Chavez-Quintana now appeals the district court's denial of his

motion for judgment of acquittal on the aggravated identity theft counts.[2]

---

[2] Mr. Chavez-Quintana is less than clear about the precise nature of his appellate challenge. He states that "[d]ue to the fact that the government was not required to prove the scienter element that Mr. Chavez knew the identification belonged to another person, his [aggravated identity theft convictions] should be reversed." Aplt. Br. at 16. Mr. Chavez-Quintana does not elaborate, however, on how the government's reduced proof burden, or the district court's role in defining this burden, prejudiced him. Instead, he focuses on establishing that the aggravated identity theft statute does, as a matter of law, have the referenced "scienter element." But Mr. Chavez-Quintana did challenge the sufficiency of the evidence to establish the aggravated identity theft offenses. And the government has read Mr. Chavez-Quintana's appellate brief as attacking the sufficiency of the evidence. *See, e.g.*, Aplee. Br. at 18 ("[T]he district court's denial of the defendant's motion for judgment of acquittal should be affirmed."). Accordingly, we are comfortable construing his claim to be that the district court erred in denying his motion for acquittal because the government failed to prove beyond a
(continued...)

-4-

## DISCUSSION

"This court reviews a denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the government in determining if there is substantial evidence from which a jury could find the defendant guilty beyond a reasonable doubt." *United States v. Austin*, 231 F.3d 1278, 1283 (10th Cir. 2000). "Reversal is only appropriate if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Burkley*, 513 F.3d 1183, 1190 (10th Cir.) (alteration and internal quotation marks omitted), *cert. denied*, 128 S. Ct. 2979 (2008).

The federal aggravated identity theft statute requires that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). In *Flores-Figueroa*, the Supreme Court held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." 129 S. Ct. at 1894. The Court found that as a matter of ordinary English grammar, "knowingly" is naturally read as applying to all the subsequently listed elements of the crime. *Id.*

---

[2](...continued)
reasonable doubt that he knew the means of identification he used belonged to "another person."

-5-

at 1890. "In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Id*. The Court found the government's enforceability concerns—that this "another person" knowledge would be difficult to prove and, therefore, identity theft would be under-punished—insufficient to outweigh the clarity of the text. *Id.* at 1893-94.

After reviewing the evidence presented at trial, we conclude that the government failed to prove beyond a reasonable doubt that Mr. Chavez-Quintana knew that the means of identification that he used (namely, the Social Security number ending in 0033) belonged to another person. The government essentially concedes this lack of proof, since it makes no argument that the jury could have found this knowledge based on the evidence presented at trial.[3] *See United States v. Godin*, 534 F.3d 51, 62 (1st Cir. 2008) (reversing the defendant's aggravated identity theft conviction and finding that the government tacitly conceded there was insufficient evidence by its failure to argue that the evidence proved the defendant knew the Social Security number at issue belonged to *another person*).

We are aware of no evidence that could demonstrate that Mr. Chavez-

---

[3]     The government stated in oral argument that proving this knowledge in many cases is "impossible"; when illegal aliens buy fake documents on the street, "they don't know if that documentation belongs to a real person." Oral Argument at 21:35-22:38 (Sept. 23, 2008).

Quintana knew the Social Security number that he used belonged to another person; for example, the government makes no attempt to demonstrate how Mr. Chavez-Quintana obtained the false Social Security number or whether he was acquainted with B.K., the person whose Social Security number he was using. *See id.* (noting that the government presented no evidence showing that the defendant "knew the individual to whom the social security number belonged, or somehow accessed that person's information"). That such knowledge might have been difficult to prove is of no moment. *See Flores-Figueroa*, 129 S. Ct. at 1893-94 (noting that the concerns over the difficulties of proving this knowledge are "insufficient to outweigh the clarity of the text").

In sum, we hold that a rational jury could not find beyond a reasonable doubt that Mr. Chavez-Quintana knew that the Social Security number he used belonged to another person.

## CONCLUSION

For the foregoing reasons, we **REVERSE** Mr. Chavez-Quintana's convictions under 18 U.S.C. § 1028A for aggravated identity theft and **REMAND** for proceedings consistent with this opinion.

Entered for the Court


Jerome A. Holmes
Circuit Judge